**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|                           |   |                                  |
|---|---|---|
| THOMAS LEE,               | : |                                  |
|                           | : |                                  |
|     Petitioner, | : | Civil Action No. 03-5868 (MLC) |
|                           | : |                                  |
|     v.          | : | **MEMORANDUM OPINION**          |
|                           | : |                                  |
| DEVON BROWN, et al.,      | : |                                  |
|                           | : |                                  |
|     Respondents. | : |                                  |

**APPEARANCES:**

    THOMAS LEE, #12676-050
    F.C.I. Allenwood Med.
    P.O. Box 2000
    White Deer, PA  17887-2000
    Petitioner <u>Pro Se</u>

    WALTER KOWALSKI, Deputy Attorney General
    ATTORNEY GENERAL OF NEW JERSEY
    R.J. Hughes Justice Complex
    P.O. Box 112
    Trenton, New Jersey  08625
    Attorney for Respondents

**COOPER,** <u>District Judge</u>

Thomas Lee, a federal inmate, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging a detainer lodged by the State of New Jersey against him with the Bureau of Prisons.  For the reasons expressed below and after careful consideration, the Court dismisses the Petition for lack of jurisdiction.

## I.  BACKGROUND

Petitioner is currently serving a federal sentence imposed by this Court on June 13, 2003.  Based on his plea of guilty to

one count of knowing and intentional possession with intent to distribute more than 50 grams of crack cocaine, see 21 U.S.C. § 841(a)(1), Judge Thompson sentenced Petitioner to a 120-month term of imprisonment, followed by five years of supervised release.  See United States v. Lee, Docket No. 01-cr-243 (AET), J. Conviction (D.N.J. filed June 13, 2003).

On June 13, 2003, New Jersey Superior Court, Mercer County, entered three judgments of conviction against Petitioner.  The Law Division sentenced Petitioner to a seven-year custodial term for possession of a controlled dangerous substance, to a six-year term for eluding police, and to a five-year term for resisting arrest.  The sentences were to run concurrently with each other, and also to run concurrently with the federal sentence Petitioner was serving.

The State of New Jersey thereafter lodged detainers for three Mercer County open dispositions/indictments against Petitioner with the Bureau of Prisons.  By letter dated August 11, 2003, the New Jersey Department of Corrections asked the Bureau of Prisons to lodge the judgments of conviction as commitment detainers.  The letter states that Petitioner's New Jersey sentence is scheduled to expire on September 14, 2008.

In December 2003, Petitioner filed the Petition for a Writ of Habeas Corpus which is now before the Court.  He seeks an order directing the State of New Jersey to remove the commitment detainers on the following basis:

> The petitioner is an inmate in the Federal Bureau of Prisons, serving a sentence that was imposed **AFTER** the imposition of the underl[ying] Federal Sentence. As indicated by the Judge's order [Attached as exhibit #1], requesting that the detainers be removed because the sentences that was imposed by the State Court was to run concurrent with the underl[ying] Federal Sentence. By letter from the New Jersey Department of Corrections, Ms. Donna Sweeney-Elrose, said order has been totally defied, see [exhibit #2], Ms. Donna Sweeney-Elrose's letter. **Therefore**, since the State of New Jersey, the respondents has refused to obey their own Court orders, the **Petitioner**, ask that this court issue an **ORDER** that the respondent remove the illegal detainers because the detainers are affecting conditions of his confinement.

(Aff. in Support of Pet.)

The State of New Jersey filed an Answer with copies of relevant documents. The State asserts that the Mercer County open detainers were replaced with commitment detainers and that the State will withdraw the commitment detainers on September 14, 2008, when the seven-year New Jersey term expires. Respondents argue that the Petition should be dismissed with prejudice since state detainers are reasonable restrictions upon the liberty of inmates and the lodging of commitment detainers does not violate Petitioner's federal rights.

## II.  DISCUSSION

A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of

>the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

Petitioner challenges a commitment detainer lodged by the State of New Jersey. A detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent." Fex v. Michigan, 507 U.S. 43, 44 (1993). The commitment detainer satisfies the "in custody" requirement. Maleng v. Cook, 490 U.S. 488 (1989) (where the state "has placed a detainer with the federal authorities to ensure that at the conclusion of respondent's federal sentence, he will be returned to the state authorities to begin serving his . . . state sentences . . . respondent . . . was 'in custody' under his . . . state sentences at the time he filed" his habeas petition); see also Peyton v. Rowe, 391 U.S. 54 (1968); Mokone v. Fenton, 710 F.2d 998, 1002 & n.11 (3d Cir. 1983).

Although Petitioner satisfies the "in custody" requirement and he asserts that the detainer is "illegal," this Court lacks jurisdiction to grant habeas relief because Petitioner has not alleged or shown that the detainer violates the Constitution or laws or treaties of the United States.  <u>See</u> 28 U.S.C. § 2241(c)(3).  The Court will accordingly dismiss the Petition for lack of jurisdiction.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition.

<u>    s/ Mary L. Cooper        </u>
**MARY L. COOPER**
United States District Judge